UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ERIC ADAMS,

                Petitioner,                                            NOT FOR PUBLICATION
   -against-                                                     MEMORANDUM
                                                                      AND ORDER
BLAKE R. DAVIS (Warden), et al.;                    12-CV-01862 (CBA)
PETER A. NORLING,

                Respondents.
------------------------------------------------------------X

**AMON, Chief United States District Judge**

       Petitioner Eric Adams, proceeding *pro se*, files what he labels a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition seeks to repeat a previous challenge to his 1995 conviction before the Honorable Reena Raggi. The Court grants Adams' motion to proceed *in forma pauperis* for purposes of this memorandum and order, but dismisses the petition.

       Petitioner has sought to challenge his conviction on numerous occasions. In each action, petitioner generally asserts that the Court was somehow without jurisdiction over his criminal proceedings. In 1997, petitioner filed a motion for § 2255 relief before Judge Raggi which was denied on March 26, 1999. Adams v. United States, 97-CV-1241 (RR). Petitioner then filed a request to the Second Circuit to file a second or successive petition which was denied. Petitioner has also filed two motions pursuant to 28 U.S.C. § 2255 in the United States District Court, District of Colorado, Adams v. R.E. Holt, 00 CV 2189, Adams v. R.E. Holt, 01 CV 579, both of which were dismissed, and two petitions pursuant to 28 U.S.C. § 2241, Adams v. Wiley, 08 CV 538, Adams v. Davis, 11 CV 529, both of which were dismissed and the second of which led to the entry of a filing injunction against any "future pro se actions in this Court . . . that pertain to the same issues Mr.

1

Adams has raised in this Court regarding the validity of his criminal conviction and sentence in the Eastern District of New York" in the United States District Court for the District of Colorado. See Adams v. Davis, 11 CV 529, Order dated May 19, 2011.

In 2003, the Court dismissed petitioner's § 2241 petition, finding that it was properly characterized under § 2255 because petitioner was not challenging the execution of his sentence. Accordingly, the Court held, it was a second or successive § 2255 petition, and because § 2255 provided an adequate and effective remedy to test the legality of petitioner's detention, he was required to seek leave from the Second Circuit Court of Appeals before filing. Adams v. United States, 03 CV 0288 (CBA), Order dated January 24, 2003. The Second Circuit affirmed on October 4, 2004. Adams v. U.S., 372 F.3d 132, 135 (2d Cir. 2004). In 2006, the Court denied petitioner's application for a writ of *audita querela,* which it held was simply another attempt to circumvent the requirements for filing a second or successive habeas petition. Adams v. United States, 06-CV-566 (CBA), Order dated April 28, 2006. Also during 2006, the Court concluded that another purported § 2241 petition was in fact a second or successive § 2255 petition, and it transferred that petition to the United States Court of Appeals for the Second Circuit. The Court of Appeals denied Petitioner's application for leave to file a second or successive motion.

Petitioner once again attempts to file a § 2241 petition challenging his 1995 conviction. When a district court is "presented with a § 2241 petition raising previously available claims appropriately the subject of a § 2255 motion, [it] should construe the petition as a second or successive § 2255 motion . . . so long as the prisoner had a prior § 2255 motion dismissed on the merits." Jiminian v. Nash, 245 F. 3d 144, 148 (2d Cir. 2001). Petitioner's claim that the Court did not have subject matter jurisdiction over his criminal prosecution was available in a previous § 2255

2

motion that was dismissed on the merits.  Accordingly, the instant petition is properly characterized as a second or successive § 2255 petition, which may not be filed without the Court of Appeals' permission under 28 U.S.C. § 2244. Id.; Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004). Petitioner's § 2241 petition is dismissed. See id. at 136 (district court may dismiss mischaracterized § 2241 pettion where "it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to close this action.

SO ORDERED.

/s/
Carol Bagley Amon
United States District Judge

Dated:  Brooklyn, New York
           April  24, 2012